# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARLISS MARCHMAN,

                        **Plaintiff,**

**-vs-**                                  **Case No.  6:010-cv-226-Orl-31GJK**

**CREDIT SOLUTIONS CORP.,**

                        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 18)** |
| **FILED:** | **December 28, 2010** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. |

## I.    BACKGROUND.

On February 8, 2010, Marliss Marchman ("Plaintiff"), filed a four count complaint (the "Complaint") against Credit Solutions Corp. (the "Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*, regarding Defendant's attempt to collect a debt from Plaintiff.  Doc. No. 1.  In the Complaint, Plaintiff states:

7.    On or around September 29, 2009, Plaintiff filed a voluntary petition for chapter 7 bankruptcy.

8.    On or around October 16, 2009, Defendant telephoned Plaintiff.

9.    During this communication, Plaintiff notified Defendant that Plaintiff had filed for bankruptcy.

10.   During this communication, Defendant falsely represented that Plaintiff's bankruptcy would not absolve Plaintiff's responsibility to pay the debt because Defendant was preparing to file a "federal judgment lien" against Plaintiff.

11.   On or around October 17, 2009, Defendant telephoned Plaintiff and left a voice message.

12.   During this communication, Defendant failed to identify itself as a debt collector.

13.   During this communication, Defendant threatened to contact Plaintiff's employer unless Plaintiff telephoned Defendant before Monday, October 19, 2009.

14.   Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

Doc. No. 1 at 1-2.

As to Count I, Plaintiff alleges:

> Defendant violated 15 U.S.C. § 1692c(a) by communicating with Plaintiff in connection with the collection of the debt despite <u>having knowledge that Plaintiff was represented by an attorney</u>. In support hereof Plaintiff incorporates paragraphs 7-9 and 11. . . .

Doc. No. 1 at 1 (emphasis added).[1]  As to Count II, Plaintiff alleges:

> Defendant violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of the debt the natural consequences of which is to harass, oppress, or abuse Plaintiff.  In support hereof, Plaintiff incorporates paragraphs 10 and 13. . . .

---

[1] 15 U.S.C. 1692c(a)(2) provides that it is a violation of the FDCPA if:

> Without prior consent of the consumer given directly to the debt collector or the express permission of a court . . ., a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. . . .

*Id.*  In this case, Plaintiff is the consumer and Defendant is the debt collector.

Doc. No. 1 at 2-3.[2]

Regarding Count III, Plaintiff alleges:

> Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.  In support hereof Plaintiff incorporates paragraphs 10 and 13. . . .

Doc. No. 1 at 3.[3]  In Count IV, Plaintiff alleges:

> Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect the debt.  In support hereof Plaintiff incorporates paragraphs 8-13.

Doc. No. 1 at 3.[4]  Plaintiff's prayer for relief requests actual damages, statutory damages, attorneys' fees, and costs.  Doc. No. 1 at 3.

After being properly served with the Complaint, the Defendant failed to respond.  *See* Doc. No. 12.  On August 9, 2010, default was entered against the Defendant.  Doc. No. 15.  On December 28, 2010, Plaintiff filed a motion for default judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 18.  Plaintiff requests a judgment against the Defendant in the following amounts: $1,000.00 in statutory damages; and $50,000.00 in

---

[2] Section 1692d states in part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  *Id.*

[3] Section 1692e provides in part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*

[4] Section 1692f provides in part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  *Id.*

actual damages.   Doc. No. 18 at 5.[5]   In the conclusion section of the Motion, Plaintiff also

requests attorneys' fees and costs.  Doc. No. 18 at 5.

> Attached to the Motion, Plaintiff provides an affidavit which states:

1.   On September 29, 2009, I filed a bankruptcy petition under Chapter 7 of the U.S. Bankruptcy Code.

2.   On October 16, 2009, I received a telephone call from [Defendant].  When I learned that he was calling to collect a debt, I told him that I filed bankruptcy in September and gave him my case number.   Instead of taking my bankruptcy information, the man proceeded to tell me that bankruptcy would not get rid of my debt and that the Defendant was going to file a "federal judgment lien against me."  When I heard this I got scared and reacted by hanging up the telephone.

3.   The next day, on October 17, 2009, I received another call from Defendant.   This time, the man told me that Defendant would start garnishing my wages immediately if I did not pay the debt by October 19, 2009.

4.   I did not understand why Defendant was calling.  I checked with my lawyer and the debt was listed on my bankruptcy petition.   My lawyer told me that I should not be getting any calls from debt collectors but now I was getting a call from Defendant threatening to put a federal judgment lien against me.  I did not know what that meant but it sounded very serious and it made me very anxious and scared.

5.   I spent the next several nights awake, preoccupied, and worried that something bad would happen to me.  I did not know what Defendant could do to me or why they were calling me.  I became withdrawn and depressed thinking about what would happen.

---

[5]In the last sentence of the Motion, Plaintiff requests a judgment in the amount of $52,000.00.  Doc. No 18 at 5. However, earlier in the Motion Plaintiff provided a more detailed description of the damages requested ($1,000.00 and $50,000.00) and in the proposed order attached to the Motion Plaintiff requests a total of $51,000.00.  *See* Doc. Nos. 18 at 5; 18-2 at 1.  Therefore, the Court finds that Plaintiff $51,000.00 is the actual amount Plaintiff is requesting the Court to award.

Doc. No. 18-1 at 2-3 (emphasis added).  Thus, in addition to the factual allegations set forth in the Complaint, in the affidavit, Plaintiff states that Defendant threatened to immediately begin garnishing her wages if the debt was not paid in two days.  *Id*.  Plaintiff also states that the Defendant's actions caused loss of sleep, anxiety, and depression. *Id*.

## II.    STANDARD OF REVIEW.

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[6] A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted.  *Kwasnik v. Charlee Family Care Services of Central Florida*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 at *3 (M.D. Fla. Jun. 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga. 1988)).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim.  *Id.*  "A complaint may

be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1950 (2009)).

A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed.R.Civ.P. 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.

## III.   ANALYSIS.

Plaintiff alleges that Defendant's actions violated 15 U.S.C. §§ 1692c(a), 1692d, 1692e, and 1692f. Doc. No. 1 at 1-3.[7]

### A.   Count I.

Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to the debt at issue. *Id.* In Count I, Plaintiff recites Section 1692(c)(a)(2)'s prohibition and incorporates

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

paragraphs 7-9 and 11 of the Complaint in support of Plaintiff's allegation.  Doc. No. 1 at 1.

Paragraphs 7-9 and 11 of the Complaint simply state that Plaintiff informed Defendant that

Plaintiff had filed for bankruptcy.  Doc. No. 1 at ¶¶ 7-9, 11.  The Complaint and Plaintiff's

affidavit filed in support of the Motion fail to allege that Defendant was aware that Plaintiff was

represented by counsel with respect to the debt at issue.  *See* Doc. Nos. 1, 18-1 at 2-3.  Therefore,

the Complaint fails to allege sufficient factual allegations to establish a violation of Section

1692c(a)(2).  *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit .

. . conclusions of law.").  Accordingly, it is recommended that the Court find Plaintiff has failed

to plead a sufficient factual basis to support a default judgment as to Count I.

**B.      Count II.**

Section 1692d prohibits a debt collector from engaging "in any conduct the natural

consequences of which is to harass, oppress, or abuse any person in connection with the

collection of a debt."  *Id*.   When considering whether the conduct at issue violates Section

1692d, the Eleventh Circuit has held that courts should view the conduct from the perspective of

a consumer whose circumstances make them "relatively more susceptible to harassment,

oppression, or abuse."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

Although not cited by Plaintiff in the Complaint, Section 1692d provides nonexclusive examples

of prohibited conduct, including:

> (1) The use or threat of use of violence or other criminal means to
> harm the physical person, reputation, property of any person.
> (2) The use of obscene or profane language the natural consequences
> of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay

---

[7] Other than Plaintiff's allegation regarding Section 1692c(a), Plaintiff does not cite to any particular subsection of
the other statutes.  *Id*.

       debts, except to a consumer reporting agency or to persons meeting the Section 1681a(f) or 1681b(3) of this title.

(4)  The advertisement for sale of any debt to coerce payment of the debt.

(5)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(6)  Except as provided in Section 1692b of this title, <u>the placement of telephone calls without meaningful disclosure of the caller's identity</u>.

15 U.S.C. §§ 1692d(1)-(6) (emphasis added); *see also Jeter*, 760 F.2d at 1175 ("1692d is explicitly not limited to the conduct proscribed by subsection (1)-(6).").

      In the Complaint, Plaintiff recites Section 1692d's prohibition against engaging in conduct the natural consequences of which is to harass, oppress, or abuse the consumer. Doc. No. 1 at 2-3. In support of the allegation, Plaintiff states that "Defendant falsely represented that Plaintiff's bankruptcy would not absolve Plaintiff's responsibility to pay the debt because Defendant was preparing to file a 'federal judgment' lien against Plaintiff," and "Defendant threatened to contact Plaintiff's employer unless Plaintiff telephoned Defendant. . . ." Doc. No. 1 at ¶¶ 10, 13. In Count II, Plaintiff does not directly incorporate paragraph 12, which states that Defendant left a voice message failing to identify itself as a debt collector. Doc. No. 1 at 2-3. However, the Complaint states that paragraph 12 is a fact "common to all counts." Doc. No. 1 at 1. Thus, it is recommended that the Court find Plaintiff has pled a sufficient factual basis to support a default judgment as to Count II. *See Edwards v. Niagra Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1352 (N.D. Ga. 2008) (failing to disclose the caller's identity as a debt collector in a voice message violates Section 1692d(6)).

**C.    Count III.**

Plaintiff generally alleges that the Defendant violated Section 1692e.  Doc. No. 1 at 3 ("Defendant violated [Section] 1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.").  Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the forgoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> (2) The false representation of--
>
>> (A) the character, amount, or legal status of any debt; or
>>
>> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) <u>The threat to take any action that cannot legally be taken or that is not intended to be taken</u>.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--

    (A) lose any claim or defense to payment of the debt; or

    (B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

*Id.* (emphasis added).  False, deceptive, or misleading representations under Section 1692 are analyzed from the perspective of whether the least sophisticated consumer would be deceived or misled by the debt collector's conduct.  *Jeter*, 760 F.2d at 1175.

Plaintiff does not specifically identify which subsection of Section 1692e Defendant has violated. Doc. No. 1 at 3.  However, in the Complaint, Plaintiff alleges that Defendant falsely represented that Plaintiff's bankruptcy would not absolve the debt because Defendant was preparing to initiate legal action against the Plaintiff.  Doc. No. 1 at ¶ 13.  Section 1692e(10) provides that it is a violation of the FDCPA for a debt collector to "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.*  Moreover, in Count III, Plaintiff specifically cites to paragraph 13 of the Complaint wherein Plaintiff alleges that Defendant threatened to contact

Plaintiff's employer.  Doc. No. 1 at 3.  In *Herbert v. Wexler & Wexler*, 1995 WL 535107 at *2 (N.D. Ill. Sept. 5, 1995), the Court found that Section 1692e(5) "forbid[s] a debt collector from threatening to contact a third party in connection with the collection of a debt."   *Id*. Accordingly, it is recommended that the Court find Plaintiff has pled a sufficient factual basis to support a default judgment as to Count III.  *See Robinson v. Managed Accounts Receivable Corporation*, 654 F.Supp.2d 1051, 1057-1059 (C.D. Cal. 2009) (plaintiff's FDCPA complaint was sufficient to survive a motion to dismiss even though it failed to identify which sections of the statute were violated where there was a sufficient factual basis to show defendant violated statute).

### D.    Count IV.

In Count IV, Plaintiff again fails to identify which subsection of Section 1692f Defendant violated.  Doc. No. 1 at 3.  Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
>
> (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

> (B) there is no present intention to take possession of the property; or

> (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*.  The only subsection of Section 1692f which might apply in this case is Section 1692f(6).

Although Plaintiff alleges that Defendant "falsely represented that Plaintiff's bankruptcy would

not absolve Plaintiff's responsibility to pay the debt because Defendant was preparing to file a

'federal judgment lien' against Plaintiff," Plaintiff does not allege that Defendant had no present

right to possession, no present intention to take possession, or that the property was exempt by

law.  Doc. No. 1 at ¶ 10; 15 U.S.C. § 1692f(6).  Moreover, Defendant's false representation is

more appropriately addressed in Count III.  Accordingly, it is recommended that the Court find Plaintiff has failed to plead a sufficient factual predicate to support a default judgment under Count IV.  *See also Ford v. Consigned Debts & Collections, Inc.*, 2010 WL 5392643 at *3 (D. N.J. Dec. 21, 2010) (finding plaintiff failed to adequately plead facts showing Section 1692f violation where complaint made only broad statement that acts were unfair and unconscionable without supporting facts).

## IV.   DAMAGES.

Plaintiff seeks statutory damages in the amount of $1,000.00 and actual damages in the amount of $50,000.00.  Doc. No. 18 at 5.

### A.   Actual Damages.

"'Actual damages,' roughly synonymous with compensatory damages, are defined as '[r]eal, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed . . . to 'nominal' damages [and] 'punitive' damages." *McMillian v. Federal Deposit Insurance Corporation*, 81 F.3d 1041, 1055 (11th Cir. 1996) (quoting 25 C.J.S. Damages § 2 (1966)). Plaintiff seeks $50,000.00 in actual damages for emotional distress, anxiety, and stress.  Doc. Nos. 1 at ¶ 14; 18 at 4-5.  In her affidavit, Plaintiff states: "I spent the next several nights awake, preoccupied and worried that something bad would happen to me.  I did not know what Defendant could do to me or why they were calling me.  I became withdrawn and depressed thinking about what would happen."  Doc. No. 18-1 at ¶ 5.

A plaintiff may be compensated for emotional distress in the form of actual damages under the FDCPA.  *McGrady v. Nissan Motor Acceptance Corp.*, 40 F.Supp.2d 1323, 1338 (M.D. Ala. 1998).  While Plaintiff has generally alleged that she had trouble sleeping, suffered

14

anxiety and depression as a result of Defendant's conduct, Plaintiff has not submitted any evidence or affidavit showing she sought medical or professional services for her emotional problems.  Furthermore, Plaintiff has not alleged that she suffered any lost wages or other quantifiable damages as a result of Defendant's conduct.

Plaintiff primarily relies on three cases from outside the Eleventh Circuit in support of her request for $50,000.00 in actual damages.  Doc. No. 18 at 3. Plaintiff relies on *Bingham v. Collection Bureau, Inc.*, 505 F.Supp. 864 (D. N.D. 1981), for the proposition that actual damages are appropriate for when the defendant's egregious actions brought the plaintiff to tears.  Doc. No. 18 at 3.  In *Bingham*, 505 F.Supp. at 868-69, the debt collector sent two letters to the consumer threatening imprisonment and legal action, and made fourteen (14) telephone calls threatening imprisonment, berating the consumer for having children if she could not afford to pay the debt, directing the consumer to borrow money to pay the debt, and threatening to garnish all of the consumer's wages.  The court found the debt collector's conduct egregious.  *Id*. at 14. In awarding actual damages of $1,000.00, the court relied not only on the testimony of the consumer that she "cried and cried and cried," but also on the testimony of a psychologist who examined the consumer and corroborated her emotional damage.  *Id*. at 875-76.  *Bingham* is factually distinguishable from this case both in terms of the egregiousness of the defendant's conduct and the evidentiary support for the consumer's claim that they suffered emotional damages.

Plaintiff relies on *Boyce v. Attorney's Dispatch Service, Inc.,* 1999 WL 33495605 (S.D. Ohio April 27, 1999) for the proposition actual damages are appropriate for loss of sleep.  Doc. No. 18 at 3.  In *Boyce*, 1999 WL 33495605 at *1, the court stated: "Of the more than 100 cases

under the FCDPA . . . that have been filed with this Court, this particular lawsuit involves the most egregious conduct by any defendant." *Id*.   The debt collectors sent two collection letters and made numerous telephone calls to the consumers, including representing that they were police officers and would initiate a criminal prosecution against the consumers if the debt was not paid. *Id*. at *1.   The debt collectors also contacted the consumers' co-workers, identifying themselves as police officers, an warning that the consumers may be criminally prosecuted if the debt was not paid. *Id*.   The court found that as a result of the debt collectors' conduct, the consumers experienced significant distress and strain on their marital relationship. *Id*. at 1.  The Court awarded the consumers a total of $10,000.00 in actual damages. *Id*.   Thus, *Boyce* is distinguishable also in terms of the egregious nature of the debt collectors' conduct.[8]

Plaintiff relies on *Thomas v. National Business Assistants, Inc.*, 1984 WL 585309 (D. Conn. Oct. 5, 1984) for the proposition that actual damages are appropriate for anxiety, nervousness, fear, worry, and loss of happiness.  Doc. No. 18 at 3.  In *Thomas*, 1984 WL 585309 at *2, the court awarded some of the consumers a total of $600.00 in actual damages stating: "While placing a dollar amount on intangibles such as emotional distress is never easy, the court notes that neither plaintiff has suffered any permanent personal ill effects, although their marriage has apparently been irreparably damaged." *Id*.  In *Thomas*, 1984 WL 585309 at *2, the court awarded other consumers less than $1,000.00 in actual damages for compensation due to their depression, shortness of temper, fear, and humiliation caused by the debt collectors'

---

[8] *Boyce*, in a footnote, stated: "The Plaintiffs testified that the efforts to collect the debt had caused them to suffer ailments such as sleeplessness and nausea; however, they did not introduce any expert evidence, establishing that any treatment they may have received as a result was necessitated by the actions of [the defendant]." *Id*. at *1 n. 10. Thus, although the plaintiffs in Boyce were awarded actual damages it is unclear what, if any, significance the court placed on their unsupported testimony regarding loss of sleep. *Id*.

16

conduct. *Id*. *Thomas* is distinguishable from this case in terms of amount of actual damages awarded and extent of the evidence regarding the consumers' emotional distress. 1984 WL 585309 at *2.

The Court finds that two other cases, one from the Orlando Division of the Middle District of Florida, more analogous to the facts of this case. In *Montgomery v. Florida First Financial Group, Inc.*, Case No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374 at *8 (M.D. Fla. Aug. 12, 2008), the consumer sought $40,000.00 in actual damages for emotional distress after the debt collector threatened her with arrest on six occasions. *Id*. The consumer alleged that the debt collector's conduct caused humiliation, loss of appetite, and fear she would be jailed. *Id*. The consumer also alleged that she suffered a ten minute panic attack when she thought she would be arrested. *Id*. at *9. The Court found:

> [The consumer] averred generally that she suffered a number of symptoms resulting from Florida First's conduct for which she provides no specific facts. [The consumer] does not show that she sought any medical or professional services to treat her symptoms, that she took any over-the-counter medications, or that she lost any work (except for the one occasion when she left work early).
>
> I find [the consumer's] requested damages to be excessive for the relatively few number of threats of arrest made over a relatively short period of time and her reaction to those calls. Although [the consumer] cites a number of jury verdicts or settlements arising from cases outside of this Circuit, the few cases reported within this Circuit establish much lower awards for the type of distress claimed by [the consumer].
>
> For example, in *Jordan v. Collection Servs., Inc*., Case No. 97-600-CA-01, 2001 WL 959031 (Fla. 1st Cir. Ct. April 5, 2001), a hospital's debt collectors made seven telephone calls in which they threatened to sue the plaintiffs, to put a lien on their home, to garnish their wages, and to deny admittance to the hospital for their sick child. The court ruled that under the FDCPA, actual damages

for mental anguish or emotional distress were limited to cases of extreme and outrageous conduct that had a severe impact. The jury awarded no damages. *Id*. The judgment was affirmed on appeal. *Jordan v. Collection Servs*., Inc., 826 So.2d 287 (2002).

Similarly, in *Thornton v. Wolpoff & Abramson*, Case No. 1:05-cv-1, 2007 WL 570254 (N.D. Ga. Jan 23, 2007), the plaintiff complained of telephone calls and letters sent to her residence attempting to collect on her ex-husband's debt, which she disputed was her responsibility and requested no further contact. The debt collector persisted. The plaintiff claimed that she suffered anger, anxiety, emotional distress, fear, humiliation and frustration. Although the jury found the debt collector liable, it awarded only $1 in statutory damages and no actual damages.

Although Montgomery suffered some temporary loss of appetite, sleeplessness and worry, I do not find that Florida First's conduct had a severe impact upon her.

*Montgomery*, 2008 WL 3540374 at * 9.  Thus, the Court ultimately awarded no actual damages.

In *Ford v. Consigned Debts & Collections, Inc.*, 2010 WL 5392643 at *5, 7 (D. N.J. Dec. 21, 2010), the debt collector violated the FDCPA by leaving one message that failed to identify the caller and making one call threatening to sue the consumer if the debt was not paid, inform the consumer's parole officer about the debt, and have him thrown back in jail.  The consumer requested $50,000.00 in actual damages and submitted an affidavit stating the debt collector's conduct left him anxious and exasperated for a few weeks, and he was unable to sleep well, experienced a loss of appetite, and he was depressed worrying about what would happen.  *Id*. at 5.  The consumer provided no other evidence to support his actual damages request.  *Id*.   The Court ultimately awarded $350.00 in statutory damages and $200.00 in actual damages, stating:

The Court has reviewed the case law cited by plaintiff wherein a plaintiff has been awarded actual damages for emotional distress, and the Court has independently reviewed similar cases, as well as cases that have addressed whether to award statutory damages.

18

> Those cases show that the maximum statutory damage award is only assessed in cases where there has been repetitive, egregious FDCPA violations, and even in such cases, the statutory awards are often less than $1,000. Those cases also show that <u>awards for actual damages are minimal for emotional distress absent any indication that mental health treatment has been obtained or that the emotional distress has concretely affected a plaintiff's personal or professional life. Moreover, even in cases where a plaintiff has suffered permanent personal and professional damages, the damages awards are relatively small, particularly in comparison to plaintiff's $50,000 request</u>. . . .

*Id*. at *5 (emphasis added).   The Court finds *Montgomery* and *Ford* persuasive and more analogous to the facts of this case than the cases relied upon by Plaintiff.

In this case, Plaintiff alleges that she received one phone call threatening to initiate a lawsuit and place a lien on her assets if the debt was not paid and one phone message where the Defendant failed to identify itself as a debt collector and threatened to call Plaintiff's employer. Doc. No. 1.  While these phone calls violate the FDCPA, they do not rise to the egregious level of the conduct discussed in the cases above, including *Montgomery* where the consumer was not awarded any actual damages after being threatened with arrest and jailing multiple times. Moreover, Plaintiff's affidavit, describing her symptoms, is vague and largely conclusory.  Doc. No. 18-3 at 2. Accordingly, it is recommended that the Court find actual damages are not warranted based on the facts of this case.

**B.     Statutory Damages.**

The FDCPA provides for statutory damages beyond actual damages in a maximum amount of $1,000.00.   15 U.S.C. § 1692k(a)(2)(A).   In determining the amount of statutory damages to award, a court considers "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which the noncompliance was

intentional." 15 U.S.C. § 1692k(b)(1). As the court stated in *Ford*, "the maximum statutory damage award is only assessed in cases where there has been repetitive, egregious FDCPA violations, and even in such cases, the statutory awards are often less than $1,000." 2010 WL 5392643 at *5.

In this case, the Defendant called Plaintiff twice, committing two violations of the FDCPA. The violations alleged were not egregious. Accordingly, it is recommended that the Court award $100.00 in statutory damages.

## V.    ATTORNEYS' FEES AND COSTS.

In the Motion, Plaintiff requests that the Court award attorneys' fees and costs. Doc. No. 18 at 5. However, Plaintiff has filed a separate motion requesting attorneys' fees and costs (Doc. No. 19) and, in the Motion, Plaintiff does not provide any evidentiary basis for the Court to determine reasonable attorneys' fees and costs. Accordingly, it is recommended that the Court reserve jurisdiction to determine reasonable fees and cost until ruling the Plaintiff's separate motion for fees and costs.

## VI.   CONCLUSION.

Based on the forgoing, it is recommended that the Court **GRANT in part and DENY in part** the Motion (Doc. No. 18) as follows:

1. Enter a default judgment against Defendant;

2. Award Plaintiff $100.00 in statutory damages;

3. Reserve jurisdiction to determine fees and costs; and

4. Otherwise **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations

20

contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      **RECOMMENDED** in Orlando, Florida on April 5, 2011.


                                    GREGORY J. KELLY
                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties